FILED
2012 Jan-03 PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **PATRICIA MICHELLE NELSON,**       ] | |
| ] | |
| Plaintiff,       ] | |
| ] | |
| vs.       ] | CV 11-J-2095-NW |
| ] | |
| **MICHAEL J. ASTRUE,**       ] | |
| **Commissioner of the Social**       ] | |
| **Security Administration**,       ] | |
| ] | |
| Defendant. | |

## MEMORANDUM OPINION

The plaintiff appeals from the decision of the Commissioner of Social Security denying her supplemental security income. The case is now properly before the court. *See* 42 U.S.C. § 405.

At the time of the hearing before the Administrative Law Judge ("ALJ"), the plaintiff was 33 years old, having been born November 6, 1975 (R. 51) and had completed the eighth grade, having been in special education some of those years (R. 212). She alleged an inability to work due to back pain and depression (R. 204-211). The ALJ found that the plaintiff does allege an impairment which is severe but does not meet or medically equal any of the impairments listed in Appendix 1 of Subpart P, 20 CFR Part 404 (R. 13, 15). He found that the plaintiff had the residual functional capacity to perform sedentary work, such as a cashier or packer (R. 17, 220). Based on these limitations and the Vocational Expert's testimony, the ALJ found that the plaintiff could perform jobs which exist in significant numbers in the national economy (R. 16). The ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act (R. 16).

The plaintiff argues that she meets Listing 12.05(c) and thus the ALJ's decision that she is not disabled was in error. Plaintiff's memorandum at 9. While the ALJ found that the plaintiff has the severe impairment of mild mental retardation, the ALJ also concluded that the plaintiff did not have any other severe impairments, such as are needed to satisfy Listing 12.05 (c). (R. 15).

In particular, the ALJ considered the Psychiatric Review Technique completed by Dr. Robert Estock (R. 118). Although plaintiff faults the ALJ for finding Dr. Estock's opinion credible, but not expressly adopting Dr. Estock's finding that the plaintiff suffers from moderate limitation, the court finds no error here. Dr. Estock noted that the plaintiff's depression was in the "very mild range" (R. 130) and provided no opinions concerning plaintiff's other diagnoses from a one time consultative examination (R. 113-117). As such, Dr. Estock's conclusion of "moderate impairments" in the areas of social functioning and maintaining concentration, persistence and pace did not require the ALJ to find the plaintiff disabled.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). However, this limited scope does not render affirmance automatic,

for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701.  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir.1984).

Having scrutinized the record in its entirety, the court has determined that the decision of the ALJ is reasonable and supported by the facts and evidence in the record. Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done, this 3rd of January, 2012

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE